Defendant-appellant Sharon Groth appeals from her no contest plea conviction of first degree misdemeanor assault.
On June 8, 1998, defendant was charged by complaint in Berea Municipal Court Case No. 98 CRB 00881. The charge was misdemeanor assault in violation of R.C. 2903.13(A) for knowingly causing or attempting to cause physical harm to another, to wit, by striking Barbara Rainey about the face. In three other cases related to the same matter, charges were made against defendant's husband.
On August 18, 1998, the parties, both represented by the same trial counsel, appeared before an acting municipal court judge. The transcript of proceedings filed in this appeal reveals that both parties desired to enter no contest pleas. The municipal judge proceeded with the charges against defendant's husband before proceeding on the charges against her.
After accepting the husband's pleas and finding him guilty, the acting judge disclosed that he had acquired some knowledge of the case before the plea hearing. He referred the matter for a presentence report and explained that he would not sentence defendant's husband, stating as follows:
 * * * I think I have some knowledge of this case through some clients of mine not directly related, but they live in the neighborhood, and I don't know that I may have prejudged a little bit in this type of case. I really don't want to be the person sentencing you on this.
Defendant's husband thanked the court for the judgment and neither he nor counsel made any objection.
The trial judge thereafter proceeded to conduct defendant-wife's no contest plea hearing. Defendant stated she pleaded no contest to the assault charge. The municipal judge engaged in a colloquy with her. She stated that she understood her constitutional rights and was satisfied with representation of counsel, who also represented her husband. The municipal judge found her guilty as charged. He referred the matter to the probation department and stated he would not impose sentence against her, stating as follows:
 All right, based upon the same facts and circumstances in your husband's case, I'd like the Probation Department to review this matter and come back again before another judge that doesn't have some information on this that I possess, and so that they will not prejudge the matter when you come back in about thirty days.
Defendant thanked the judge and the matter was adjourned.
Defendant was sentenced by a different judge to a fine of $200 and 180 days in jail. The judge suspended execution of all but 14 days in jail and placed defendant on inactive probation for two years. The court imposed as a condition of probation no further violence or harassment of Barbara Rainey or her family.
Defendant appeals, raising the following argument :
 THE TRIAL COURT JUDGE ERRED IN PRESIDING OVER THIS CASE WHEN BY HIS OWN ADMISSION HE WAS PREJUDICED BY HIS PERSONAL KNOWLEDGE OF FACTS AND CIRCUMSTANCES REGARDING THE MATTER.
This assignment is well-taken.
Defendant argues the acting judge improperly accepted her no contest plea. She argues the judge had discretion whether to find her guilty of the offense upon her plea, but that he did so after admittedly acquiring non-record information concerning the matter which may have adversely influenced his judgment about the case. The prosecution responds that the trial judge's action was essentially ministerial and that defendant has not shown reversible error. Under the circumstances, we reverse.
Trial courts exercise significant discretion in the context of proposed no contest pleas. The trial judge has discretion whether or not to accept a no contest plea in the first instance. Crim.R. 11(D). Moreover, assuming the trial judge accepts such a plea, the judge retains discretion concerning whether or not to find the defendant guilty of the offense. Each determination requires judicial judgment.
Unlike cases involving guilty pleas, no contest pleas, such as in the case at bar, do not involve a complete admission of guilt. Crim.R. 11(B). To obtain a conviction following a no contest plea accepted by the court, the prosecution must recite to the court a statement of circumstances to support the charge. The court's subsequent disposition of the charge requires a judicial determination whether the statement of circumstances offered by the prosecution is sufficient to support the offense.
The prosecution's argument about the mechanical nature of no contest pleas completely ignores the trial judge's discretion in the first instance concerning whether or not to accept a no contest plea. Moreover, we are not convinced that the disposition of such a plea, even once accepted, is entirely mechanical. The judge must determine whether the prosecution's statement of circumstances is sufficient to support the offense. The trial judge's determination whether to find guilt concerning an accepted no contest plea must be made solely upon the prosecution's statement of circumstances, rather than upon other knowledge of the subject matter or relationship to interested parties.
The court in City of Mentor v. Molk (Dec. 22, 1995), Lake App. No. 122295, unreported, summarized the principles governing judicial impartiality, as follows:
 [T]he judiciary must not only remain detached and neutral in any proceeding before it, but the court must also epitomize itself as a paragon of impartiality. It is of vital importance that the litigant should believe that he will have a fair trial. State ex rel. Turner v. Marshall (1931), 123 Ohio St. 586
[176 N.E. 454]
 (* * *) Such a stringent rule may sometimes bar trial judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way, `justice must satisfy the appearance of justice.' Offutt v. United States [1954], 348 U.S. 11, 14 [75 S.Ct. 11, 13, 99 L.Ed. 11, 16].
Id. at p. 2 (additional citations omitted, emphasis in original.)
This case does not challenge the integrity of the trial judge. The trial judge's statements forthrightly reveal his concerns and indicate, contrary to defendant's argument, that he took great care not to pre-judge this case. At times, however, a trial judge should not preside over judicial proceedings even in the absence of actual bias.
Accordingly, defendant's sole argument is sustained.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., CONCURS; TERRENCE O'DONNELL, P.J., CONCURS IN JUDGMENT ONLY.
 ________________________ DIANE KARPINSKI, JUDGE